IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**OLEKSANDR DIDENKO,**<br>    also known as "Alexander Didenko",<br>Defendant. | Case No. _____<br><br>**Filed Under Seal** |

### GOVERNMENT'S MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS

The United States of America, moving by and through its undersigned counsel, respectfully moves the Court for an Order placing the above-captioned warrant, complaint, and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively herein the "Arrest Warrant") under seal. In support of this motion, the government states:

1. The Court has the inherent power to seal court filings when appropriate, including the Arrest Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Arrest Warrant to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Arrest Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

2. On April 29, 2024, the government applied for an Arrest Warrant in this matter. The Arrest Warrant details the facts supporting probable cause to believe that OLEKSANDR DIDENKO (hereinafter "DIDENKO"), violated the following statutes:

    a. 18 U.S.C. § 371 (Conspiracy to Defraud the United States and its Agencies).

    b. 18 U.S.C. §§ 1343 & 1349 (Wire Fraud and Conspiracy).

    c. 18 U.S.C. § 1028A (Aggravated Identity Theft).

    d. 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), (c)(3)(A) & (f) (Fraud with Identity Documents and Conspiracy).

    e. 8 U.S.C. § 1324a & 18 U.S.C. §§ 2, 371 (Unlawful Employment of Aliens and Conspiracy)

    f. 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h) (a)(2)(A), & (h) (Money Laundering and Conspiracy)

    g. 18 U.S.C. § 1960 (Unlicensed Money Transmitting Business)

3.     The government will continue its investigation after execution of the Arrest Warrant, and disclosure of the Arrest Warrant would jeopardize the investigation by providing the subjects of the investigation an opportunity to destroy evidence or flee and jeopardize the investigation by disclosing the details of facts known to investigators, the identities of witnesses, and the investigative strategy.

4.     In addition, the government respectfully moves for the Complaint and Arrest Warrant to remain sealed -- with the exception that the Government be permitted to disclose the Arrest Warrant to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

5.     For the foregoing reasons, the government respectfully requests that the Arrest Warrant be sealed until further order of this Court, except as necessary to facilitate the enforcement of criminal law, including the execution of the Arrest Warrant, or to any federal official to assist the official receiving the information in the performance of that official's duties.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar Number 481052

By: /s/ Karen P. W. Seifert
Karen Seifert
Assistant United States Attorney
NY Bar No. 4742342
National Security Section
United States Attorney's Office
601 D Street, NW
Washington, D.C.  20530
Telephone: (202) 252-7527
Email: karen.seifert@usdoj.gov
